IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINCOLN PLACE CAPITAL, LLC,

    Plaintiff,

v.

CINCINNATI INSURANCE COMPANY,

    Defendant.

Case No. 25-CV-01132-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Before the Court is a Motion for Entry of Default Judgment against The Cincinnati Insurance Company filed by Plaintiff Lincoln Place Capital, LLC on August 13, 2025 (Doc. 14), and a subsequent Agreed Motion to Vacate Default Judgment and for Time to Answer Plaintiff's Complaint or Otherwise Plead filed by Defendant Cincinnati Insurance Company on September 9, 2025 (Doc. 20).

    On May 29, 2025, Cincinnati Insurance Company was issued a summons on Lincoln Place Capital, LLC's Complaint (Doc. 4). Summons was served on June 11, 2025, and Cincinnati Insurance Company's Answer or responsive pleading was due July 2, 2025. (Doc. 9). Cincinnati Insurance Company failed to file an Answer or otherwise enter an appearance and file a responsive pleading or motion. Accordingly, a Clerk's Entry of Default was entered against Cincinnati Insurance Company on July 30, 2025. (Doc. 12). After default, Plaintiff Lincoln Place Capital, LLC filed the present Motion for Default Judgment on August 13, 2025. (Doc. 14).

On September 9, 2025, Defendant Cincinnati Insurance Company entered its appearance in the action and filed an Agreed Motion to Vacate Default Judgment and for Time to Answer Plaintiff's Complaint or Otherwise Plead on the same day. (Docs. 19, 20). The parties jointly state in the Motion that "the method of service utilized by [Plaintiff's professional] process server did not comply with the statutory procedure for service upon the [Illinois Department of Insurance] as agent for [Defendant] Cincinnati" and that as a result, service of process was rejected by the Illinois Department of Insurance and thus Cincinnati Insurance Company was never properly notified of the Complaint. (Doc. 20, p. 1). The parties agree that Plaintiff and counsel were not aware of the inadvertent defect and were not the cause of defective service. (*Id.*). In light of this, Plaintiffs have agreed to vacate the Clerk's Entry of Default. (*Id.*, p. 2).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express*, Inc., 559 F.3d 625, 630–31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Cincinnati Insurance Company has met the standard for vacating the entry of default. This Court finds that good cause exists for the default due to the defective service of process that appears to have been inadvertently caused by Plaintiff's retained third-party process server. (*See* Doc. 20). Further, this Court finds that once Cincinnati Insurance Company discovered the defective service of process and the default, they

acted promptly to resolve the issue with Plaintiff and counsel and file the instant Motion to Vacate. (*Id.*). In addition, this Court believes the interests of justice are best served by permitting Cincinnati Insurance Company to present its defense or otherwise respond to the Complaint on the merits.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Cincinnati Insurance Company has met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Default (Doc. 20). The Clerk's Entry of Default (Doc. 69) is **VACATED.** Further, Plaintiff's Motion for Default Judgment (Doc. 14) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: September 15, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**